IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANET MARCUSSE,

    Petitioner,

vs.                                                 Case No. 4:11cv301-MP/WCS

WARDEN W. T. TAYLOR,

    Respondent.

                                         /

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, supporting memorandum, and motion to file enlarged brief. Docs. 1-3. The filing fee has been paid.

Petitioner challenges her sentence imposed in the Western District of Michigan, case number 1:04cr165. Doc. 1, p. 2. She asserts that she filed a 28 U.S.C. § 2255 motion, civil case number 1:09cv913, and was denied leave to file an actual innocence claim under Skilling v. United States, __ U.S. __, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). Id. She claims entitlement to proceed under the savings cause as Skilling was decided "after direct appeal and first § 2255 were due to be filed, allowing for the

Western District of Michigan to refuse leave to file a supplemental brief raising it as a claim and thereby deny any consideration of it." *Id.*, p. 3.  Petitioner argues entitlement to proceed under the savings clause in the memorandum as well.  Doc. 2, pp. 1-3.

For relief, Petitioner asks to vacate her convictions and sentences and remand for a new trial or other appropriate relief.  Doc. 1, p. 6.

Petitioner is in custody of her federal sentence and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and her remedy is to "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255(e).

To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).  *See also* Gilbert v. United States 640

F.3d 1293, 1318-23 (11th Cir. 2011) (discussing the savings clause and actual innocence in the context of sentencing claims) (citing Wofford, other citations omitted).

In this case there is no need for analysis as to whether Petitioner's claim meets the requirements of Wofford. Petitioner is not foreclosed in some way from seeking § 2255 relief, but attempting to litigate challenges to the same judgment simultaneously, in two different courts. According to the docket in the Western District of Michigan, Petitioner's § 2255 motion, civil case number 1:09cv913-RHB (arising out of criminal case 1:04cr165-RHB) remains pending.[1] By my count, Petitioner filed 18 motions in the civil case (some of which were rejected as deficient), along with various other documents, after filing the initial § 2255 motion in October of 2009. Most recently, an order was entered on August 22, 2011, granting the Government's motion and extending the time to September 29, 2011, for the Government to respond. Doc. 54 in the civil case.

Once the Government files an answer or other response Petitioner will presumably file a reply. See § 2255 Rule 5(d). If the § 2255 motion is ultimately denied, Petitioner will have the opportunity to seek a certificate of appealability and take an appeal. Assuming the issue is properly preserved, she may challenge the denial of her request to amend or supplement. The remedy afforded by § 2255 motion cannot be deemed inadequate or ineffective while the § 2255 motion remains pending in the sentencing court.

---

[1] Both dockets are available in PACER (Public Access to Court Electronic Records).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging the judgment imposed in the Western District of Michigan, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2011.


    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**